# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **Karina Burns, Administrator** | : | |
| **of the Estate of Adam Lee Burns** | : | |
| **c/o Cooper Elliott** | : | |
| **305 West Nationwide Boulevard** | : | |
| **Columbus, Ohio 43215,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No.** |
| vs. | : | |
| | : | **Judge** |
| **Polaris Inc.** | : | |
| **2100 Highway 55** | : | **Magistrate** |
| **Medina, Minnesota 55340** | : | |
| | : | |
| and | : | |
| | : | **JURY DEMAND** |
| **Polaris Industries, Inc.** | : | **ENDORSED HEREON** |
| **2100 Highway 55** | : | |
| **Medina, Minnesota 55340** | : | |
| | : | |
| and | : | |
| | : | |
| **Polaris Sales, Inc.** | : | |
| **2100 Highway 55** | : | |
| **Medina, Minnesota 55340** | : | |
| | : | |
| and | : | |
| | : | |
| **Polaris, a fictitious name** | : | |
| **2100 Highway 55** | : | |
| **Medina, Minnesota 55340** | : | |
| | : | |
| and | : | |
| | : | |
| **Pro Armor, a fictitious name** | : | |
| **1123 Sherborn Street** | : | |
| **Corona, California 92879** | : | |
| | : | |
| and | : | |

| | |
|---|---|
| **Apex Product Group, a fictious name** | : |
| **2100 Highway 55** | : |
| **Medina, Minnesota 55340,** | : |
| | : |
| **Defendants.** | : |

# COMPLAINT

For her Complaint, plaintiff Karina Burns alleges:

## NATURE OF THE ACTION

1. This case arises out of the tragic death of Karina's husband, Adam Burns. Adam was killed in March 2021 because his Polaris RZR side-by-side utility task vehicle, or "UTV," rolled over down a hill and his Pro Armor restraint harness failed to restrain him. Adam was ejected from the UTV. He sustained severe injuries. After well over an hour of conscious pain and suffering, Adam died from his injuries. He leaves behind his wife Karina and a teenage son.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff Karina Burns is an individual domiciled in Licking County, Ohio. Karina is Adam's wife and brings this action in her capacity as Administrator of his estate. At all relevant times, Adam was an individual domiciled in Licking County, Ohio.

3. Defendant Polaris, Inc. is a corporation incorporated under the laws of Minnesota and with its principal place of business in Minnesota.

4. Defendant Polaris Industries, Inc. is a corporation incorporated under the laws of Delaware and with its principal place of business in Minnesota.

5. Defendant Polaris Sales, Inc. is a corporation incorporated under the laws of Minnesota and with its principal place of business in Minnesota.

6. Defendant Polaris is a fictitious name used by one or more of the defendants Polaris Inc., Polaris Sales, Inc., or Polaris Industries, Inc. and potential other entities affiliated with them. By naming the fictious name Polaris as a defendant, plaintiff intends to pursue relief

2

against all entities that use that fictitious name or that used that fictitious name during the times relevant to this matter.

7. Defendant Pro Armor is a fictitious name used by one or more of the defendants Polaris Inc., Polaris Sales, Inc., or Polaris Industries, Inc. and potential other entities affiliated with them. By naming the fictious name Pro Armor as a defendant, plaintiff intends to pursue relief against all entities that use that fictitious name or that used that fictitious name during the times relevant to this matter.

8. Defendant Apex Product Group is a fictitious name used by one or more of the defendants Polaris Inc., Polaris Sales, Inc., or Polaris Industries, Inc. and potential other entities affiliated with them. By naming the fictious name Apex Product Group as a defendant, plaintiff intends to pursue relief against all entities that use that fictitious name or that used that fictitious name during the times relevant to this matter.

9. This Court has personal jurisdiction over the defendants because they routinely advertise, sell, and ship their products to Ohio (including, on information and belief, the UTV and safety harness involved in this case) and because they committed acts that caused tortious injury in Ohio.

10. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is between citizens of different states, and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district and because all defendants are subject to the Court's personal jurisdiction in this district with respect to this action.

**FACTUAL ALLEGATIONS**

12. Adam Burns owned a 2014 Polaris RZR UTV.

13. One or more of the defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., or one or more users of the fictitious name Polaris manufactured the UTV.

14. One or more of the defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., or one or more users of the fictitious name defendant Polaris sold the UTV or otherwise placed it into commerce.

15. After purchasing the UTV, Adam purchased and correctly installed a Pro Armor safety harness.

16. One or more of the defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., or one or more users of the fictitious name defendant Pro Armor or fictious name defendant Apex Product Group manufactured the safety harness.

17. One or more of the defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., or one or more users of the fictitious name defendant Pro Armor or fictious name defendant Apex Product Group sold and shipped the safety harness to Adam in Ohio or otherwise placed it into commerce with the intent it would be delivered to an end-user in Ohio.

18. Plaintiff has limited access to information pre-suit as to the specific involvement each of the defendants had in manufacturing or distributing the UTV and harness at issue. Discovery will reveal additional information about the nature and extent of each defendant's involvement.

19. In March 2021, Adam traveled from his home in Ohio to Rush, Kentucky for a trip with friends. The trip included plans to go off-roading at an off-road park.

20. On the first day of the trip, Adam and his friends were trying to navigate a trail on their UTVs.

21. The trail had a hill with a flat landing area a portion of the way up. Adam reached this landing area on his UTV.

22. The flat landing area had side paths that went off in either direction, roughly perpendicular to the uphill path Adam had ridden to get to get to the flat landing area.

23. Recognizing that the group's vehicles likely could not navigate the terrain the rest of the way up the hill, Adam drove his UTV along the side paths to look for an alternate route to ride.

24. Adam kept his UTV on the flat side path and drove reasonably carefully and slowly.

25. As Adam drove, one of the UTV's tires contacted a small tire divot. A UTV that was properly designed and manufactured with proper stability properties would have been able to navigate such a small tire divot without issue. But the Polaris RZR UTV instead flipped and rolled down the hill.

26. On information and belief, Adam was wearing his Pro Armor harness when the UTV rolled. A properly designed and manufactured safety harness would have restrained and protected Adam during the rollover. But the Pro Armor safety harness failed and did not restrain him. Adam remained in the ATV for a couple of rotations but was then ejected.

27. Adam suffered severe injuries in the rollover. He was conscious for the hour or more that it took for EMS workers to arrive at the scene, but he died from his injuries shortly after they arrived.

## COUNT ONE – PRODUCT LIABILITY (UTV)
### (Against Defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., and Polaris)

28. Plaintiff incorporates the above allegations by reference as if fully restated here.

29. The Polaris RZR UTV that Adam owned and rode in the crash is a product as defined by Ohio Revised Code § 2307.71 or other applicable product liability law.

30. Defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., and/or Polaris manufactured or sold the UTV.

31. These defendants are strictly liable because the UTV was defective and not reasonably fit, suitable, or safe for its intended or reasonably foreseeable purposes at the time it was distributed, and these defendants failed to warn Adam and other prospective users of the UTV's defects and dangers.

32. At the time the UTV left these defendants' control, its risks outweighed its utility and there was a practical and technically feasible alternative design that would have prevented the harm to Adam without substantially impairing the reasonably anticipated or intended function of the UTV.

33. In addition, the UTV was defective because after it left these defendants' control, these defendants knew or, in the exercise of reasonable care, should have known about an unreasonable risk of rollover crashes even while traveling at a reasonably safe speed on reasonably navigable terrain. These defendants failed to provide the post-sale warning or instruction that a manufacturer or seller exercising reasonable care would have provided concerning that risk, in light of the likelihood and seriousness of harm of the type Adam suffered.

6

34. These defects directly and proximately caused physical injury, conscious pain and suffering, pre-death terror, and death to Adam Burns.

35. These defendants' actions were wanton, reckless, and manifested a conscious disregard for the health and safety of users who might be harmed by the UTV, including Adam.

### COUNT TWO – PRODUCT LIABILITY (HARNESS)
**(Against All Defendants)**

36. Plaintiff incorporates the above allegations by reference as if fully restated here.

37. The Pro Armor harness that Adam owned and used in the crash is a product as defined by Ohio Revised Code § 2307.71 or other applicable product liability law.

38. Defendants Polaris Inc., Polaris Industries, Inc., Polaris Sales, Inc., Polaris, Pro Armor, and/or Apex Product Group manufactured or sold the harness.

39. These defendants are strictly liable because the harness was defective and not reasonably fit, suitable, or safe for its intended or reasonably foreseeable purposes at the time it was distributed, and these defendants failed to warn Adam and other prospective users of the harness's defects and dangers.

40. At the time the harness left these defendants' control, its risks outweighed its utility and there was a practical and technically feasible alternative design that would have prevented the harm to Adam without substantially impairing the reasonably anticipated or intended function of the harness.

41. In addition, the harness was defective because after it left these defendants' control, these defendants knew or, in the exercise of reasonable care, should have known about an unreasonable risk of the harness failing during crashes. These defendants failed to provide the post-sale warning or instruction that a manufacturer or seller exercising reasonable care would

have provided concerning that risk, in light of the likelihood and seriousness of harm of the type Adam suffered.

42. These defects directly and proximately caused physical injury, conscious pain and suffering, pre-death terror, and death to Adam Burns.

43. These defendants' actions were wanton, reckless, and manifested a conscious disregard for the health and safety of users who might be harmed by the harness, including Adam.

## COUNT THREE – COMMON LAW NEGLIGENCE
### (Against All Defendants)

44. Plaintiff incorporates the above allegations by reference as if fully restated here.

45. To the extent not preempted, defendants owed Adam a duty of ordinary care.

46. Through their wrongful acts described above, the defendants breached their duty of care to Adam.

47. The defendants' wrongful acts directly and proximately caused injury to Adam Burns.

## COUNT FOUR – WRONGFUL DEATH
### (Against All Defendants)

48. Plaintiff incorporates the above allegations by reference as if fully restated here.

49. The wrongful acts of the defendants described above directly and proximately caused the death of Adam Burns under circumstances which would have given him causes of action against the defendants had he survived.

**WHEREFORE,** plaintiff respectfully requests judgment in her favor and against defendants jointly and severally including compensatory and punitive damages in the amounts proven and determined at trial but exceeding $75,000; recovery of the costs and attorney fees incurred in prosecuting this action; and all other legal and equitable the Court deems proper.

Respectfully submitted,

/s/ Barton R. Keyes
Barton R. Keyes           (0083979)
bartk@cooperelliott.com
Sean R. Alto              (0087713)
seana@cooperelliott.com
Cooper Elliott
305 West Nationwide Boulevard
Columbus, Ohio 43215
(614) 481-6000
(614) 481-6001 (Facsimile)

Attorneys for Plaintiff
Karina Burns Administrator
of the Estate of Adam Lee Burns

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

/s/ Barton R. Keyes